UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSICA CHAPMAN, INDIVIDUALLY AND AS NEXT FRIEND OF I.C, A MINOR, AND P.C., A MINOR<br><br>VERSUS<br><br>ULTA SALON COSMETICS AND FRAGRANCE, INC. AND JOICO LABORATORIES, INC. | *<br>*<br>*<br>*<br>*   CIVIL ACTION NO. _____<br>*<br>*<br>*<br>* |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"), who, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1367, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and for the reasons more fully set forth below, submits this Notice of Removal and hereby removes this matter from the docket of the 13th Judicial District Court for the Parish of Evangeline, State of Louisiana, to the docket of this Honorable Court. In further support, Ulta avers as follows:

**Factual Background**

1. On September 9, 2021, Plaintiff, Jessica Chapman, a person of full age of majority, individually and on behalf of minors, I.C. and P.C. (collectively referred to as "Plaintiffs"), all of whom, upon information and belief, are and were at the time they commenced this action, domiciled in Evangeline Parish, State of Louisiana, filed suit against Defendants, Ulta and Joico Laboratories, Inc. ("Joico, Inc."), in the 13th Judicial District Court for the Parish of Evangeline, State of Louisiana. The Petition for Damages is captioned *Jessica Chapman, Individually and as Next Friend of I.C., a Minor, and*

*P.C., a Minor v. Ulta Salon Cosmetics & Fragrance, Inc. and Joico Laboratories, Inc.* and filed under Docket No. 79605.[1]

2. Ulta is, and was at the time Plaintiffs commenced this action, a Delaware corporation with its principal place of business in Illinois.[2]

3. In response to the Petition for Damages, Ulta filed a series of Exceptions, including but not limited to a Declinatory Exception of Insufficiency of Service of Process and ancillary Declinatory Exception of Lack of Personal Jurisdiction.[3]

4. Ulta was properly served with Plaintiffs' suit on March 14, 2022.[4]

5. Joico, Inc., was a California corporation with its principal place of business in Connecticut; however, Joico, Inc. was effectively dissolved as of 2005. As such, Joico, Inc. is not a proper party to the aforementioned suit, and in any event, has not been served.

6. In pertinent part, Plaintiffs' Petition for Damages seeks to recover damages allegedly resulting from the application of Joico Moisture Recovery Shampoo and Conditioner purchased from an Ulta store located at 3215 Louisiana Avenue, # 104, Lafayette, Louisiana 70501.[5]

---

[1] Doc. 1-2, Petition for Damages.
[2] Please note Plaintiffs erroneously identified Ulta as an Illinois Corporation. See, Doc 1-2, Petition for Damages, ¶ 2. However, this will be corrected in an Answer or other responsive pleadings and in any event, is immaterial as diversity of citizenship still exists. See also Doc-1-1, Civil Cover Sheet.
[3] Doc. 1-3, Declinatory Exceptions of Insufficiency of Service of Process and Lack of Personal Jurisdiction and Dilatory Exceptions of Lack of Procedural Capacity and Ambiguity on behalf of Ulta Salon, Cosmetics & Fragrance, Inc.
[4] Doc. 1-4, Notice of Service of Process on Ulta.
[5] Doc. 1-2, Petition for Damages, ¶ 6-10. Please also note there is some discrepancy concerning the products at issue, as Plaintiffs' Petition for Damages initially identifies the products purchased from Ulta as Joico Moisture Recovery Shampoo and Joico Moisture Recovery Conditioner; however, the remainder of the Petition for Damages refers to an "at-home hair color kit" possibly manufactured by Revlon Entities. Doc 1-2, Petition for Damages, p. 3-6.

7. Plaintiffs' Petition for Damages asserts claims pursuant to Louisiana Civil Code Article 2315, Louisiana Civil Code Article 2315.6 and Louisiana Revised Statute 9:2800.51, et al. (i.e., The Louisiana Products Liability Act).[6]

8. Defendant Ulta now seeks to remove this cause of action from the 13th Judicial District Court for the Parish of Evangeline, State of Louisiana to the docket of United States District Court for the Western District of Louisiana, the federal judicial district in which Louisiana's 13th Judicial District Court sits.

**Statutory Basis for Removal**

9. 28 U.S.C. § 1332 provides United States district courts with concurrent, original subject matter jurisdiction over all civil actions "where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between (1) citizens of different states…".[7]

10. 28 U.S.C. § 1367 provides federal district courts with supplemental jurisdiction over "[…] all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." [8] This is the case even if the additional claims and/or claims of each individual plaintiff do not independently satisfy the amount in controversy requirement.[9]

---

[6] Doc. 1-2, Petition for Damages, ¶ 11-27.
[7] 28 U.S.C. § 1332(a)(1).
[8] 28 U.S.C. § 1367(c)(1).
[9] See *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 549, 125 S.Ct. 2611, 2615, 162 L.Ed.2d 502, 515 (2005); and *Leong v. Zodiac Newco, LLC*, No. 6:12-cv-00711, 2012 U.S. Dist. LEXIS 94540, at *3 (W.D. La. July 6, 2012).

### The Requirements of Diversity Subject Matter Jurisdiction Are Satisfied As The Amount in Controversy Exceeds $75,000 and There is Complete Diversity

11. For the purposes of establishing the requisite amount in controversy, a defendant may either (1) demonstrate it is "facially apparent" from the Petition for Damages that the value of the claim likely exceeds $75,000.00; or (2) set forth "the facts in controversy—preferably in the removal petition but sometimes in an affidavit—that support a finding of the requisite amount."[10]

12. Generally, under Louisiana law, "no specific monetary amount of damages shall be included in the allegations or prayer for relief for any original, amended, or incidental demand."[11] However, at least "a general allegation that the claim exceeds or is less than the requisite amount" is required when "a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes"[12] Thus, a plaintiff intending to establish a lack of federal jurisdiction must generally state his/her claims are worth less than the jurisdictional amount.

13. It is apparent from the face of Plaintiffs' Petition for Damages that the amount in controversy exceeds $75,000.00.

    a. Plaintiffs allege they applied the product in question to their hair and, as a result, "a severe burn appeared on their scalp, leaving scalp burns and thick flakes in

---

[10] See *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)). See also *Sanders v. Family Dollar Stores of La, Inc*., No. 6:16-cv-00567, 2016 U.S. Dist. LEXIS 118584, at * 4 (W.D. La. June 20, 2016).
[11] La. C.C.P. Art. 893(A)(1).
[12] *Id*. (Emphasis added).

their hair." Further, Plaintiffs allege they "now have bald spots due to the product and some red inflammation from their once use of it."[13]

    b. Plaintiffs specifically allege the following damages: (1) medical, hospital, and pharmaceutical charges and expenses in the past; (2) past, present, and future mental anguish; (3) medical, hospital and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future; (4) pain and suffering in the past; (5) pain and suffering that, in reasonable medical probability, will occur in the future; (6) loss of use; and (7) loss of consortium.[14]

    c. Moreover, Plaintiffs specifically allege they "have suffered damages from Defendants; [sic] wrongful conduct described herein…Plaintiffs are seeking damages of over $250,0000.00 but less than $1,000,000.00." [15]

    d. Plaintiffs also pray for trial by jury, for which the threshold amount was $50,000.00 until January 1, 2022.[16]

14. Plaintiffs do not generally state their claims are worth less than the jurisdictional amount needed for diversity subject matter jurisdiction and in fact, specifically allege their claims are worth "over $250,000".[17]

15. In addition, there is complete diversity of citizenship between Plaintiffs and Defendant Ulta.

    a. Upon information and belief, Plaintiffs are, and were at the time they commenced this action, citizens of the state of Louisiana.[18]

---

[13] Doc. 1-2, Petition for Damages, ¶ 9.
[14] Doc. 1-2, Petition for Damages, ¶ 32.
[15] Doc. 1-2, Petition for Damages, ¶ 33.
[16] Doc. 1-2, Petition for Damages, ¶ 34. See also La. C.C.P. Art. 1732.
[17] Doc. 1-2, Petition for Damages, ¶ 33.

    b. Defendant Ulta was incorporated in Delaware and has its principal place of business in the state of Illinois; therefore, Ulta is, and was at the time Plaintiffs commenced this action, a citizen of both Delaware and Illinois.[19]

    c. Even if Joico, Inc. were a properly named defendant which had been properly served, complete diversity of citizenship would still exist, as Joico, Inc. was a California corporation with its principal place of business in Connecticut; therefore, it was a citizen of the states of California and Connecticut.

### The Requirements of Supplemental Subject Matter Jurisdiction Are Satisfied

16. All of Plaintiffs' claims in the present suit arise from the same case or controversy: the application of Joico Moisture Recovery Shampoo and Conditioner and alleged damages therefrom.

### Reservation of Rights

17. This removal is made with Defendant, Ulta, reserving all rights to assert and plead any and all defenses to the claims, including those defenses previously pled and those specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure.

### The Procedural Requirements for Removal Have Been Met

18. Plaintiffs' Petition for Damages has not been and cannot be served on Joico, Inc.

19. Plaintiffs' Petition for Damages was not properly served on Ulta, the only defendant properly named in the matter, until March 14, 2022.[20]

---

[18] Doc. 1-2, Petition for Damages ¶ 1.
[19] See 28 U.S.C. § 1332(c)(1) (For the purposes of diversity subject matter jurisdiction (and 28 U.S.C § 1441), a corporation is considered a "citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business […]"). We note, again, Plaintiffs erroneously identified Ulta as an Illinois corporation; however, this is immaterial for the purposes of jurisdiction, as the parties remain diverse.
[20] Doc. 1-4, Notice of Service of Process on Ulta.

20. The 13th Judicial District Court for the Parish of Evangeline, State of Louisiana sits within the Western District of Louisiana.

21. This Notice of Removal is timely, as it has been filed in the appropriate district court within thirty (30) days of service of the Petition for Damages on Ulta as required by 28 U.S.C. § 1446(b).[21]

22. Copies of all pleadings and all filings in the state court suit are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a).

23. A Notice of Filing of Removal will be promptly filed with the clerk of the 13th Judicial District Court for the Parish of Evangeline, and written notice of the filing will be given to Plaintiffs, the opposing parties, as required by 28 U.S.C. § 1446(d).

24. All requirements of removal have been met and this action is removable to this United States District Court under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446.

## Prayer

In light of all of the foregoing, Defendant, Ulta Salon Cosmetics and Fragrance, Inc. respectfully prays the action now pending in the 13th Judicial District Court for the Parish of Evangeline, bearing Docket No. 49605 and entitled *Jessica Chapman, Individually and as Next Friend of I.C., a Minor, and P.C., a Minor v. Ulta Salon Cosmetics & Fragrance, Inc. and Joico Laboratories, Inc.,* be removed from state court to the docket of the United States District Court for the Western District of Louisiana.

---

[21] *Id.*

Respectfully submitted,

BY: ___s/Cynthia G. Sonnier_____
CYNTHIA A. SONNIER (#24651)
MEGHAN E. TRAHAN (#38427)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501
Telephone: 337-326-5778
Facsimile: 337-504-3341
E-Mail: Cynthia.Sonnier@lewisbrisbois.com

*Counsel for Ulta Salon Cosmetics & Fragrance, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been filed electronically with the Clerk of Court and served upon all counsel of record using the Court's CM/ECF system.

Lafayette, Louisiana this 13th day of April, 2022.

___/s/*Cynthia G. Sonnier*_____
CYNTHIA G. SONNIER