RANDALL M DESHOTEL
CLERK OF COURT

2021 SEP -9 AM 11: 05

| | | |
|---|---|---|
| JESSICA CHAPMAN, Individually and As Next Friend of I.C., a Minor and P. C. a Minor<br>*Plaintiffs*<br><br>v.<br><br>ULTA SALON COSMETICS & FRAGRANCE, INC; and JOICO LABORATORIES, INC.<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL DOCKET NO. 79605 B<br><br>___ JUDICIAL DISTRICT COURT<br><br><br>EVANGELINE PARISH, LOUISIANA |

## PLAINTIFFS' ORIGINAL PETITION FOR DAMAGES

Plaintiffs Jessica Chapman, Individually and as Next Friend of India Chapman, a Minor and Paigedrea Chapman, a Minor ("Plaintiffs") now file this Plaintiffs' Original Petition and Jury Demand, complaining of Defendants Ulta Salon Cosmetics & Fragrance, Inc. ("Defendant Ulta"), and Joico Laboratories, Inc. ("Defendant Joico") (altogether referred to as "the Defendants"), and alleges the following:

### PARTIES

1. Plaintiffs Jessica Chapman Individually and as Next Friend of I.C., a Minor and P.C., a Minor are residents of Evangeline Parish, Louisiana who may be served through their undersigned counsel.

2. Defendant Ulta Salon Cosmetics & Fragrance, Inc. is a foreign corporation organized and existing under the laws of Illinois, whose principal office is located at 1135 Arbor Drive, Rameoville, Illinois 60446, is authorized to transact business in the State of Louisiana, regularly engages in business in Louisiana and may be served with process by serving through its registered agent, Prentice Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 or wherever they may be found.

3. Defendant Joico Laboratories, Inc., ("JOICO"), is a California corporation doing business in Louisiana with its principal place of business at 488 E. Santa Clara, Suite 301, Arcadia, California 91006. Accordingly, issuance of citation is requested at this time so that JOICO's President, Ron Krassin, may be served with process at JOICO's corporate headquarters, 100 Tokeneke Road, Darien, Connecticut 06820 by certified mail, return receipt requested or wherever they may be found.

## MISNOMER/ALTER EGO

4. In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties were or are "alter egos" of parties named in this petition. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

5. The alter ego doctrine imposes liability on a parent company when 1) the parent company is an alter ego of the subsidiary, and 2) the corporate fiction was used for illegitimate purposes. *Tryco Enters., Inc. v. Robinson*, 390 S.W. 3d 497 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd). A parent company is an alter ego when the ostensible separate companies share employees, common offices, centralized accounting services, payment of wages by one corporation to another corporation's employees, common business name, service rendered by employees of one corporation on behalf of another corporation, undocumented transfers of funds between corporations, and unclear allocation of profits and losses between corporations. When the corporate structure is used to do injustice, create inequity, or perpetuate an actual fraud, it is illegitimate. *SSP Partners v. Gladstrong Investments Corp.*, 275 S.W.3d 444, 455 (Tex. 2008).

## VENUE AND JURISDICTION

1. This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the benefits and protections of the State of Louisiana by continuously and systematically conducting substantial business in this judicial district and directing advertising and marketing materials to Louisiana.

2. Venue is proper pursuant to Louisiana Code of Civil Procedure article 42 (5), as defendants are each a foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant.

## FACTS

6. On or about September 1, 2021, Plaintiffs Purchased Joico Moisture Recovery Shampoo and Joico Moisture Recovery Conditioner from the Ulta, located at the Stirling Lafayette Shopping Center at 3215 Louisiana Ave., #104, Lafayette, LA 70501 (the "Joico Products"). Joico is a shampoo and conditioner intended to be used on dry hair and improve/moisturize the consumer's hair. Plaintiffs were healthy and had no diseases or other physical abnormalities at the time they used the product.

7. Plaintiffs read the directions contained within the Joico shampoo.

8. Plaintiffs complied with all directives contained with the bottle and carefully applied the chemicals as directed. At all times, they were careful not to get the chemicals in their eyes or on their face. After waiting the instructed amount of time, they rinsed the product out of their hair.

9. The following day Plaintiffs began experiencing itching and severe pain. A severe burn appeared on their scalp, leaving scalp burns and thick flakes in their hair. Plaintiffs' now have bald spots due to the product and some red inflammation from their once use of it.

10. The product was designed, manufactured, distributed, and/or marketed by Defendants. As a direct, proximate, and producing result of the at home shampoo and conditioner, Plaintiffs suffered and sustained bodily injuries resulting from the incident. These injuries caused Plaintiffs to sustain damages including past and future medical bills, and pain and suffering.

## CAUSES OF ACTION

### Count 1. Negligence – Defendant Joico

11. Plaintiffs incorporate the foregoing paragraphs by reference as though fully set forth herein.

12. At all times herein mentioned, Joico was and is engaged in the business of researching, manufacturing, fabricating, designing, labeling, assembling, distributing, buying, offering, for sale, selling, processing, inspecting, marketing, warranting, rebranding, for others, packing/and/or advertising the shampoo and conditioner and other products into the stream of commerce.

13. At all times herein mentioned, Joico negligently and knowingly designed, produced, marketed and sold Joico color products that were disproportionately unsafe and hazardous for consumers.

14. Defendant Joico's product proximately caused personal injuries to users, consumers, and others, including the Plaintiffs herein, while being used in a manner that was reasonably foreseeable and which use is reasonably anticipated, thereby rendering the shampoo and conditioner unsafe and dangerous for use by Plaintiffs.

15. Defendants had a duty to exercise due care in the pursuance of the activities mentioned above and each of them breached said duty of care.

16. Plaintiffs sustained chemical burns to their scalp from the defective shampoo and conditioner.

17. Defendant Joico manufactured products which were unreasonably dangerous because of its construction or composition, its design, an adequate warning was not provided, or an express warranty about the product was not satisfied.

18. Each and all of the above foregoing acts and omissions, singularly or in combination with others, constituted negligence which proximately caused this incident, and Plaintiffs' injuries and damages.

## Count 2. Negligence of Ulta

19. Paragraphs 1-22 are incorporated by reference.

20. Defendant Ulta, as the seller of the product, is liable because it exercised control over or influenced a characteristic of the design, construction or quality of the product that caused damage to Plaintiffs.

21. A product defect existed as to the hair color at issue; it existed at the time the product left the facilities or control of the Defendant Revlon Entities; the defect or defects made the product at issue unreasonably dangerous; and the defect or defects were a producing cause of Plaintiff's injuries.

## Count 3. Joico's Failure to Warn

22. Paragraphs 1-26 are incorporated by reference.

23. Defendant Joico advertised, marketed, instructed on, and distributed Revlon at home hair color kits that were unsafe and hazardous for their consumers.

24. Defendant knowingly failed to adequately warn or disclose consumers of suffering a potentially severe physical injury from using their product.

25. Among other acts of negligence, Defendant Joico was negligent in:

   a. Failing to institute, execute, and maintain adequate quality control and quality assurance processes and procedures at its manufacturing facility for the hair color and its component parts;

   b. Failing to provide adequate warnings of potential severe physical injuries from using their hair color product.

26. These acts of negligence and others are what caused the injuries and damages to Plaintiffs.

### Count 4. Breach of Implied and Express Warranty

27. Defendants Joico and Ulta have breached the express and implied warranties of merchantability by their sale of the Joico products in the following ways:

   a. It did not pass without objection in the trade under the contract description;

   b. In the case of fungible goods, it was not of fair average quality within the description; and

   c. Was not fit for the ordinary purposes for which such goods are used; and

   d. Did not run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

   e. Are adequately contained, packaged, and labeled as the agreement may require; and

   f. conform to the promises or affirmations of fact made on the container or label if any.

    g. Other breaches of express and implied warranties.

## Respondeat Superior

28. The Defendants are legally responsible to Plaintiffs for the acts and omissions of its employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency and/or ostensible agency. As a result thereof, the Defendants are vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants and representatives.

## Res Ipsa Loquitor

29. The conditions and/or instrumentalities involved in the incident complained of herein were under the management and control of the Defendants, and/or its agents, servants, and employees. The character of the event causing Plaintiffs' injuries would not ordinarily occur in the absence of negligence and, under these circumstances, Defendants' negligence must be inferred under the Doctrine of Res Ipsa Loquitor as the doctrine is understood by law.

## **CONDITIONS PRECEDENT**

30. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## **DAMAGES**

31. Plaintiffs incorporate Paragraphs 1 through 37 by reference.

32. As a result of the preceding causes of action, Plaintiffs have been damaged in the following manner:

    a. Medical, hospital, and pharmaceutical charges and expenses in the past;

    b. Past, present, and future mental anguish;

    c. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable

        medical probability, will be incurred in the future;

d. Pain and suffering in the past;

e. Pain and suffering that, in reasonable probability, will be suffered in the future;

f. Disability and impairment in the past.

g. Disability and impairment that, in reasonable probability, will occur in the future;

h. Loss of use

i. Loss of consortium

33. Plaintiffs have suffered damages from Defendants; wrongful conduct described herein. Accordingly, Plaintiffs are seeking damages of over $250,000.00 but less than $1,000,000.00.

## JURY DEMAND

34. Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## PRAYER

Plaintiffs request that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs have judgment against Defendants for actual damages in an amount the Court deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgement interest, post-judgement interest, costs of court, and for such other and further relief to which Plaintiffs may be justly entitled.

        Respectfully Submitted,

        PARANJPE MAHADASS RUEMKE, LLP

        */s/ Jacqueline A. Stump*
        Jacqueline A. Stump
        Texas State Bar: 24110954

Tej Paranjpe
State Bar Number: 24071829
3701 Kirby, Suite 530
Houston, Texas 77098
JStump@pmrlaw.com
TParanjpe@pmrlaw.com
(832) 667.7700 Telephone
(832) 202.2018 Facsimile

For e-service only:
Service@pmrlaw.com
*Counsel for Plaintiff*

A True Copy
Ville Platte, La 9/13/21
Patracce D McSee
Deputy Clerk of Court