UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JESSICA CHAPMAN** | **CASE NO.  6:22-CV-00996** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ULTA SALON COSMETICS & FRAGRANCE INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) Motion to Dismiss filed by Defendant Ulta Salon, Cosmetics & Fragrance, Inc. (Rec. Doc. 5). Plaintiff opposed the Motion (Rec. Doc. 10). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Ulta's Motion be granted.

### Factual Background

Plaintiff, individually and on behalf of her minor children, filed this products liability suit in state court in September 2021 against Ulta and Joico Laboratories, Inc. Plaintiff alleges that she purchased Joico Moisture Recovery Shampoo and Conditioner from Ulta, and that after the first use, she and her children suffered scalp burns, flaking, itching, pain, and bald spots. (Rec. Doc. 1-2, ¶6-9). Plaintiff asserted

claims for negligence, breach of implied and express warranty, and liability pursuant to the res ipsa loquitur doctrine against Ulta.

Ulta removed the case to this Court based upon diversity jurisdiction. Joico, which Ulta states was dissolved in 2005, was never served. (See Rec. Doc. 1, ¶5). Ulta now seeks to dismiss Plaintiff's claims against it, as a non-manufacturing seller of the Joico products.

## Law and Analysis

### I. Law applicable to Rule 12(b)(6) motions to dismiss.

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts

"are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678.

"[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

The Court is also mindful that "[i]n diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state." *Hyde v. Hoffmann-La Roche, Inc.,* 511 F.3d 506, 510 (5th Cir. 2007). Thus, Louisiana substantive law applies in this case.

With these precepts in mind, the Court considers the sufficiency of Plaintiff's factual allegations in the Complaint.

## II. Whether Plaintiff stated a claim against Ulta under the LPLA and/or for negligence.

Ulta first argues that Plaintiff's complaint does not state a products liability claim against it because Ulta is not a manufacturer.[1] To maintain a successful

---

[1] Ulta also argues the Complaint is vague and does not state a claim, because Plaintiff at times referred to "Revlon at home hair color kits." See e.g. Rec. Doc. 1-2, ¶23. The Court declines to dismiss the Complaint on these grounds alone, where the product mis-

4

products liability action under the Louisiana Products Liability Act (LPLA), a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the plaintiff's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the plaintiff's damage arose from a reasonably anticipated use of the product by the plaintiff or someone else. *See* La. R.S. 9:2800.54(A).

In Louisiana, the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La.Rev.Stat. Ann. § 9:2800.52. The LPLA does not provide a cause of action against sellers of products not falling under the LPLA's definition of "manufacturer." *See* La.Rev.Stat. Ann. § 9:2800.53; *Ayala v. Enerco Grp., Inc.,* 569 F. App'x 241, 245–46 (5th Cir. 2014).

Plaintiff did not allege that Ulta manufactured the Joico products. The Complaint refers to the products as "Joico products" and alleges only that she purchased the products from Ulta. (Rec. Doc. 1-2, ¶6-7; 11-17). Under Louisiana tort law, to establish the liability of a non-manufacturing seller of a product, "three requirements must be met: First, the product sold by [Ulta] must be defective. Second, [Ulta] must have had actual or constructive knowledge that the product it

---

identification was obviously a typographical error. Plaintiff's factual allegations and her brief in opposition clearly show the product at issue was Joico shampoo and conditioner.

5

sold was defective. Lastly, [Ulta] must have failed to declare the defect." *Ayala,* quoting *Alexander v. Toyota Motor Sales, U.S.A.,* 123 So.3d 712, 714 (La.2013).

Plaintiff did not allege facts sufficient to impose liability on Ulta as a non-manufacturer seller. She did not allege facts showing that Ulta knew or should have known about the allegedly defective Joico products or that Ulta failed to declare the alleged defect. The broad and conclusory statements in the complaint lack sufficient factual allegations.

Plaintiff also asserts a general negligence claim against Ulta. "The LPLA does not limit causes of action against a non-manufacturing seller." *Whitener v. Pliva, Inc.,* No. CIV. A. 10-1552, 2010 WL 3021866, at *3 (E.D. La. July 29, 2010); see also *Tunica-Biloxi Indians of Louisiana v. Pecot*, No. CIV.A. 02-1512, 2006 WL 1228902, at *2 (W.D. La. May 3, 2006), quoting Thomas C. Galligan, Jr., *Contortions along the Boundary between Contracts and Torts,* 69 TUL. L. REV. 457, 495 (1994) ("A non-manufacturer seller ... is not subject to the limited strict liability imposed by the LPLA."). Nonetheless, the standard applicable to sellers in a product defect case is essentially a negligence standard. See *Rayford v. Karl Storz Endoscopy Am., Inc.,* No. CV 15-2835, 2016 WL 4398513, at *8 (W.D. La. June 22, 2016), *report and recommendation adopted,* No. CV 15-2835, 2016 WL 4398542 (W.D. La. Aug. 17, 2016). Thus, Plaintiff did not state a negligence claim against Ulta for the same reasons she did not state a LPLA claim against it.

Plaintiff argues in opposition that discovery is needed to allege facts showing Ulta's liability. However, Plaintiff is "not entitled to discovery without a properly pleaded complaint." *Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017). See also *Doe v. Harrell*, 841 F. App'x 663, 671–72 (5th Cir. 2021). Thus, the Court finds that Plaintiff failed to state a claim under the LPLA or for negligence against Ulta. Her request for discovery of facts to support her claims does not suffice.

### III. Whether Plaintiff stated a breach of warranty claim against Ulta.

Ulta next seeks dismissal of Plaintiff's breach of implied and express warranty claims. "[C]laims for express and implied warranty are governed by Louisiana's redhibition statute and cannot be maintained as a separate claim outside of same." *Rayford v. Karl Storz Endoscopy Am., Inc.*, No. CV 15-2835, 2016 WL 4398513, at *8 (W.D. La. June 22, 2016), *report and recommendation adopted,* No. CV 15-2835, 2016 WL 4398542 (W.D. La. Aug. 17, 2016), citing *In re Ford Motor Co. Vehicle Paint Litigation*, 1996 WL 426548 (E.D. La. 1996). Therefore, Plaintiff's independent claims for breach of warranty fail as a matter of law.

Plaintiff did not specifically assert a claim for redhibition; however, Plaintiff is entitled to plead all possible theories of liability. Therefore, the Court will analyze any potential claims Plaintiffs might have under Louisiana's redhibition statute. See *Rayford*, *supra*. Under Louisiana law, a buyer has a warranty "against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing

useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect." La. Civ. Code. art. 2520. Such a defect may give a buyer the right to obtain rescission of the sale, or, if the buyer would have still bought the product but for a lesser price, a reduction of the purchase price. *Id.* If a seller is deemed to be in "bad faith," a buyer can also recover damages and attorneys' fees. La. Civ. Code art. 2545. "Recovery under a theory of redhibition is limited to purely economic loss and not recovery for personal injury." *Rayford*, *supra*, citing *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997).

Plaintiff's alleged damages sound in personal injury recovery (e.g. medical expenses, general damages, and loss of consortium). Although Plaintiff does allege loss of use, the Court finds that the loss of use allegation in the context of these alleged facts, coupled with the fact that Plaintiff did not specifically allege a redhibition claim, does not sufficiently allege economic damages sufficient to state a claim for redhibition. Plaintiff did not seek to recover the value of the product or any other economic loss. Therefore, the Court finds that Plaintiff has not stated a claim for redhibition.

### IV. Whether Plaintiff stated any other claim against Ulta.

Ulta last moves to dismiss Plaintiff's claims under the doctrines of *respondeat superior* and *res ipsa loquitur*.

In Louisiana, La. Civil Code article 2320 encompasses the doctrine of *respondeat superior*: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." This embodies the principle that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." La. C.C. art. 2317. An employer-employee relationship is determined based on the right of control, considering such factors as the selection and engagement of the worker, the payment of wages, and the power of control and dismissal. *Lowman v. Jerry Whitaker Timber Contractors, L.L.C.,* 601 F. App'x 263, 266 (5th Cir. 2015), citing *Pender v. Elmore,* 855 So.2d 930, 937–38 (La.Ct.App.2003).

Plaintiff did not allege any facts purporting to show a master-servant relationship between Ulta, Joico, and any purported employee of either. The Court agrees that her claims based on *respondeat superior* should be dismissed.

Likewise, the Court finds that Plaintiff has failed to state a claim pursuant to the theory of *res ipsa loquitur*. "[T]o succeed on the theory of *res ipsa loquitur*, [the plaintiff] has the burden of producing evidence excluding other reasonable explanations. *Lyles v. Medtronic Sofamor Danek, USA, Inc.,* 871 F.3d 305, 314 (5th Cir. 2017). The Louisiana Supreme Court explained:

> The doctrine applies only when the facts of the controversy "suggest negligence of the defendant, rather than some other factor, as

9

the most plausible explanation of the accident. Application of the principle is defeated if an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as one that it was due to his negligence." The doctrine does not apply if direct evidence sufficiently explains the injury.

*Lawson v. Mitsubishi Motor Sales of Am., Inc.,* 2005-0257 (La. 9/6/06), 938 So. 2d 35, 44, quoting *Cangelosi v. Our Lady of the Lake Regional Medical Center,* 564 So.2d 654 (La.1989).

Ulta argues Plaintiff's allegations do not exclude the possibility of causes other than defendant's negligence, such as an allergic reaction to the product. The Court agrees. Indeed, Plaintiff's claims against the product manufacturer, Joico, automatically preclude application of *res ipsa loquitur* vis-à-vis Ulta. Accordingly, the Court finds that Plaintiff has not stated a claim to which the doctrine of *res ipsa loquitur* would apply.

## Conclusion

For the reasons discussed herein, the Court recommends that Ulta Salon, Cosmetics & Fragrance, Inc.'s Motion to Dismiss (Rec. Doc. 5) be GRANTED and that Plaintiff's claims against Ulta be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of May, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE